**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

CURTIS R. DAVY,

*Defendant-Appellant.*

No. 02-4203

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

CURTIS R. DAVY,

*Defendant-Appellant.*

No. 02-4440

Appeals from the United States District Court
for the District of South Carolina, at Anderson.
G. Ross Anderson, Jr., District Judge.
(CR-01-420)

Submitted: January 16, 2003

Decided: January 24, 2003

Before WILLIAMS, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

William H. Ehlies, II, Greenville, South Carolina, for Appellant.
Kevin Frank McDonald, OFFICE OF THE UNITED STATES
ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

In these consolidated appeals, Curtis R. Davy appeals: (1) his conviction and thirty-month sentence for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (2000) (No. 02-4203); and (2) the district court's order denying his motion for reconsideration of previous orders denying his motion to suppress (No. 02-4440). Davy's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), raising two issues but stating that, in his view, there are no meritorious grounds for appeal. Davy has filed a pro se supplemental brief, discussing the same issues raised by counsel and raising an additional claim of ineffective assistance of counsel. Finding no reversible error, we affirm.

Davy first questions whether the district court complied with the requirements of Fed. R. Crim. P. 11 in accepting his guilty plea. Because Davy did not move to withdraw his guilty plea in the district court, we review his challenges to the Rule 11 proceeding for plain error. *See United States v. Martinez*, 277 F.3d 517, 524-27 (4th Cir.), *cert. denied*, 123 S. Ct. 200 (2002). We have reviewed the plea hearing and the colloquy that the district court undertook with Davy and find the court fully complied with Rule 11 and that Davy's plea was knowing and voluntary.

Davy next contends that the district court erred in denying his pretrial motion to suppress evidence obtained from a search of his vehicle. We decline to review this claim, finding that Davy has waived his right to assert that issue on appeal. Because Davy did not enter into a conditional plea pursuant to Fed. R. Crim. P. 11(a)(2), he is now foreclosed from raising antecedent nonjurisdictional errors on appeal, including the denial of a motion to suppress evidence. *See United States v. Wiggins*, 905 F.2d 51, 52 (4th Cir. 1990).

We also decline to review Davy's claim that he received ineffective assistance of counsel at his suppression hearing. Such claims are not cognizable on direct appeal. *See United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). To allow for adequate development of the record, the presumptive rule is that ineffective assistance of counsel claims must be pursued in a 28 U.S.C. § 2255 (2000) motion. *United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994). An exception exists when the record conclusively establishes ineffective assistance of counsel. *King*, 119 F.3d at 295. A review of the record does not conclusively establish that Davy received ineffective assistance of counsel.

As required by *Anders*, we have examined the entire record and find no other meritorious issues for appeal. Accordingly, we affirm Davy's conviction and sentence in No. 02-4203. We also affirm the district court's order denying Davy's motion for reconsideration in No. 02-4440. We deny Davy's motion to expedite the appeals as moot. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*